# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT D. SAUNDERS,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1683**  (BOR Appeal No. 2046071)
                    (Claim No. 2010120790)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Robert D. Saunders, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 14, 2011, in which the Board affirmed a May 31, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 7, 2010, decision denying Mr. Saunders's request to add other acute reactions to stress, panic disorder, and anxiety as compensable components. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sanders was working as a furnace operator when he was injured on January 13, 2010, during a furnace explosion. The claim was initially held compensable for neck sprain, sprain of unspecified site of the shoulder and upper arm, and unspecified otalgia. Mr. Saunders seeks to add acute reactions to stress, panic disorder, and anxiety as additional compensable components. On February 3, 2011, Dr. Miller performed a psychiatric independent medical evaluation and found that the requested diagnoses are not causally related to the January 13, 2010, incident. He found that Mr. Saunders has a long history of depression and anxiety, and further found that Mr.

1

Saunders's panic disorder and anxiety predate the January 13, 2010, incident. On May 7, 2010, the Office of Judges denied Mr. Saunders's request to add the requested additional compensable components.

In its Order affirming the claims administrator's May 7, 2010, decision, the Office of Judges held that the psychiatric diagnoses requested for addition as compensable components were pre-existing in nature and not caused by the January 13, 2010, incident. Mr. Saunders disputes this finding and asserts that the evidence of record demonstrates that the diagnoses in question are causally related to the January 13, 2010, incident.

The Office of Judges found that Mr. Saunders suffers from a form of acute anxiety dating to at least 1997, and noted that he was taking anti-anxiety medications prior to the January 13, 2010, incident. The Office of Judges further found that the requested additional psychiatric diagnoses encompass symptoms that Mr. Sanders had been experiencing for some time prior to the January 13, 2010, incident. The Board of Review reached the same reasoned conclusions in its decision of November 14, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 21, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II